**UNITED STATES of America and Wendell Edwards, Special Agent, Internal Revenue Service, Petitioners,**

v.

**T. R. McGUIRT as President of McGuirt's Electric, Inc., and McGuirt's Electric, Inc., Respondents.**

**Civ. Misc. No. 234.**

United States District Court, W. D. North Carolina, Charlotte Division.

Feb. 15, 1977.

Jeffrey Blum, Internal Revenue Service, Washington, D. C., for petitioners.

Robert D. Hoffman, Gertzman, McMullen, Underhill & Hoffman, Charlotte, N. C., for respondents.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

### PRELIMINARY STATEMENT

The United States brought this suit to procure an order requiring T. R. McGuirt, President and sole stockholder of McGuirt's Electric, Inc., a corporation, to comply with a summons to appear before Special Agent Edwards, of the criminal investigation (Intelligence) division of the Internal Revenue Service, and produce corporate records bearing on McGuirt's personal tax liability. McGuirt resisted; a long hearing was conducted; the court heard lengthy testimony and arguments of counsel and has read the 100–page transcript of the hearing. For reasons stated and on the terms indicated below, enforcement of the summons is denied.

### FACTS

Shortly before May 29, 1975, Internal Revenue Agent Harold Sloan received a report from an informant which asserted that T. R. McGuirt had been omitting income from his personal tax return. Based upon that report, Sloan undertook an audit of the books of a corporation, McGuirt's Electric, Inc., which was wholly owned by T. R. McGuirt, the individual. He visited the taxpayer at his corporate office on July 14, on July 24, on October 6, and on November 18, 1975, and was given free access to the corporate books and records. Total time in these activities at the taxpayer's premises was estimated at twenty to twenty-five hours. Other witnesses elsewhere were also interviewed. Records of the taxpayer and the services of copying equipment were freely made available by McGuirt.

On February 15, 1976, Sloan referred the case to Special Agent Wendell Edwards, of the "Intelligence" Section of the Internal Revenue Service, for the formal initiation of an investigation of the criminal tax liability of McGuirt individually.

No suspicion has been suggested that the corporation itself may have criminal tax liability.

Abundant suspicion was voiced at the hearing of criminal tax involvement by McGuirt personally, in the form of income received from the corporation but possibly not declared, sales by the corporation with money going into the individual taxpayer's pocket, and so on.

A summons was issued on the 26th day of May, 1976, directing McGuirt as President of McGuirt's Electric, Inc. to appear and produce corporate records before Special Agent Edwards for use in the investigation

of the individual McGuirt's tax liability. McGuirt resisted. He denies corporate or individual tax liability. He says that if an informer exists, it may well be an alienated wife or a disgruntled employee who himself was taking money improperly from the corporation. He also says that from the beginning the investigation was a *criminal* investigation; that the original visit to his office and audit of his *corporate* books was simply a device to follow up deviously the original "tip" accusing him of criminal tax fraud; that the agents already have and have had ample opportunity to obtain from his records all the information they need to decide whether or not to prosecute; that what purports to be a routine civil investigation of corporate liability has from the first been a criminal investigation of his personal liability; and that under these circumstances what passes for a civil summons against a corporation is actually a criminal process against an individual and is a violation of his privilege against self-incrimination.

In substance, he says the summons is issued in bad faith and that he is entitled to litigate that question in this court, now.

At the hearing the government sought to have the court determine the issue without even looking at the information from the undisclosed informant; without any information as to what Agent Sloan had reported to Agent Edwards when the Intelligence (criminal) Section came into the picture; and without allowing the taxpayer's attorney to cross-examine the agent even with reference to the content of the information from the anonymous informant.

For purpose of decision, the court was willing initially to allow the government to keep in confidence the *name* of the informant, provided cross-examination on the *substance* of what he said was allowed.

This was not agreeable to the government; the witnesses were instructed by the government's counsel not to answer such questions; and since these instructions were based upon orders from headquarters in Washington, the court undertook no contempt proceedings against the agents.

The record shows that the court was furnished a copy of an agent's description of the informant's report and a copy of the information which Agent Sloan gave to Agent Edwards when the investigation by the Intelligence Section was triggered off. I have no recollection at this point what those reports contained, and did not keep a copy of the material. There is some information in the 100–page record of the hearing from which it could be inferred that that information may not be very spectacular.

The problem is that this court is being asked to rule that an Internal Revenue Service summons addressed to a wholly owned corporation is issued in "good faith," without being allowed to hear the basis upon which it rests nor even to hear cross-examination as to the circumstances which are obviously important to know before such good faith or lack of it can be determined.

I believe that under *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), a court is not required to "buy a pig in a poke," but may and should allow cross-examination and other inquiry on the issue of good faith. Nor should the trial judge be put in the position of making an *ex parte* decision of good faith based on *in camera* inspection, or secret cross-examination by the court.

IT IS THEREFORE ORDERED that unless and until the United States is willing to allow cross-examination by the taxpayer's attorney as to the facts surrounding the start of the original investigation, including the substance of the information from the informant and the contents of the reference to the Intelligence Section, the taxpayer McGuirt and the taxpayer McGuirt's Electric, Inc. will be under no obligation to respond further to the present subpoena nor to any subpoena seeking information about their possible tax liability.